UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALLORIE M.,

                              **Plaintiff,**

  vs.                                                            3:21-CV-00891
                                                                         (MAD/ATB)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**
_____

APPEARANCES:                                       OF COUNSEL:

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **TIMOTHY SEAN BOLEN, ESQ.**
6401 Security Boulevard                        **NATASHA OELTJEN, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On January 17, 2018, Plaintiff Mallorie M. ("Plaintiff") filed for Supplemental Security Income, alleging a disability. *See* Dkt. No. 11 at 79. Plaintiff's claim was initially denied by the agency on May 3, 2018. *See id.* at 110. Following two hearings, on July 7, 2020, Administrative Law Judge ("ALJ") Stanley K. Chin issued an unfavorable decision. *See id.* at 88-103. Plaintiff appealed, and on June 4, 2021, the Appeals Council denied review. *See id.* at 6-10.

      On August 9, 2021, Plaintiff commenced this action challenging the unfavorable decision, arguing that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." Dkt. No. 1 at ¶ 7. In her brief,

Plaintiff argued that "the ALJ failed to properly evaluate opinion evidence." Dkt. No. 16 at 6. The Commissioner contended that the ALJ's decision was supported by substantial evidence, including proper evaluation of medical professionals' opinions. *See* Dkt. No. 20 at 1-2.

On December 22, 2022, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation, recommending reversal of the Commissioner's decision and remand for re-evaluation of evidence and re-determination of Plaintiff's residual functional capacity. *See* Dkt. No. 21. Neither party has filed objections to the Report-Recommendation.

When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error. "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

Having reviewed Magistrate Judge Baxter's Report-Recommendation, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. As Magistrate Judge Baxter correctly found, because "the ALJ erred in assessing the supportability and consistency of the medical opinion evidence … the ALJ's ultimate finding that plaintiff was not disabled was

tainted." Dkt. No. 21 at 7; *see John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *2 (N.D.N.Y. Aug. 18, 2022).

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report–Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED,** and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Baxter's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 17, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge